IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40627
Conference Calendar
_____


JERRY E. EASLEY,

                                        Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-96-CV-332
- - - - - - - - - -

February 11, 1999

Before BARKSDALE and EMILIO M. GARZA, Circuit Judges.[*]

PER CURIAM:[**]

    Jerry E. Easley, # 421286, appeals the district court's denial of his Fed. R. Civ. P. 60(b) motion. He argues that his due process and equal protection claims are now ripe because his word processor is not working. The word-processor claim was no longer before the district court when it entered the current dismissal order. The district court did not abuse its discretion in denying his motion for reconsideration on that basis.

_____

    [*]This matter is being decided by a quorum. 28 U.S.C. § 46(d).

    [**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Travelers Ins. Co. v. Liljeberg Enterprises, Inc.</u>, 38 F.3d 1404, 1408 (5th Cir. 1994).

Easley also argues that the district court abused its discretion in dismissing his case as frivolous without service of summons after he paid a partial filing fee pursuant to <u>Grissom v. Scott</u>, 934 F.2d 656 (5th Cir. 1991). Easley filed this complaint on July 3, 1996, after the effective date of the PLRA. <u>Grissom</u> no longer applies. This argument lacks merit.

Easley argues that the district court failed to comply with this court's direction in its opinion remanding the case to further develop the facts of his retaliation claim. The district court found that Easley had agreed to settle all of his then pending retaliation claims on December 6, 1996, and that he had made misrepresentations to the Fifth Circuit about the continued viability of those claims. Easley does not make any argument in his appellate brief challenging the district court's finding that he had already settled those claims.

We have reviewed the record and the district court's order and find no issue of arguable merit. Accordingly, we dismiss the appeal as frivolous. 28 U.S.C. § 1915(a); <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

We caution Easley that any additional frivolous appeals filed by him will invite the imposition of sanctions. To avoid sanctions, Easley is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous because they have been previously decided by this court.

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.